FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 10, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMIAH PARK,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ELLA PHILLIPS; AND<br>FRANK SMITH,<br><br>        Defendants. | No. 4:18-CV-05114-EFS<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**Clerk's Office Action Required** |

Before the Court, without oral argument, is Plaintiff Jeramiah Park's First Amended Complaint, ECF No. 20, and Memorandum for a Temporary Restraining Order and Preliminary Injunction, ECF No. 21. Plaintiff also filed a supporting declaration. ECF No. 22. After reviewing the submitted materials and relevant authority, the Court is fully informed. The Court denies Plaintiff's Memorandum for a Temporary Restraining Order and Preliminary Injunction. The reasons for the Court's Order are set forth below.

## I.    B<small>ACKGROUND</small>

Plaintiff Jeremiah Park Phillips is currently incarcerated at the Washington State Penitentiary. On August 17, 2018, Plaintiff filed his First Amended Complaint. ECF No. 20. On September 6, 2018, Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 21, and an accompanying

declaration, ECF No. 22. Plaintiff alleges that he was not given proper medical treatment by Defendant Jo Ella Phillips, a Physician's Assistant at the Washington State Penitentiary, for his genital herpes and an eye injury. *See* ECF No. 22 & 31. He also asserts that she was sexually interested in him and conducted Plaintiff's rectal and genital examinations in a sexually "sadis[tic]" manner. *See* ECF No. 22. Plaintiff also joins Frank John Smith, Family Medical Director at the Washington State Penitentiary as a defendant. He requests an order allowing him to be transferred to a different unit so that he may be seen by a different medical provider. ECF No. 22.

On September 7, 2018 the Court ordered defendants Jo Ella Phillips and Frank Smith to respond. ECF No. 24. Defendants complied with the Order and submitted a response to Plaintiff's motion for a preliminary injunction and temporary restraining order. ECF No. 30. They each submitted declarations in support of their response. ECF Nos. 28 & 29. On October 5, 2018, Plaintiff filed an reply, labeled "Answer to Defendants' Response to Plaintiff's Motion for Injunctive Relief. ECF No. 31.

## II. ANALYSIS

### A. Motion for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Freedom Def. Initiative v. King Cty.*, 796

F.3d 1165, 1168 (9th Cir. 2015) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). The moving party bears the burden of meeting all prongs of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.2d 1127, 1135 (9th Cir. 2011).

A preliminary injunction is an extraordinary remedy, *Winter*, 555 U.S. at 24, and preliminary injunctions that order a party to act and alter the status quo are "particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009). Where "mandatory," as opposed to prohibitory preliminary relief is sough, the Ninth Circuit has noted that courts should be "extremely cautious." *Martin v. International Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 115 (9th Cir. 1979).

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a

> criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2). Thus, this section limits the Court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. California*, 220 F.3d 987, 998 (9th Cir. 2000).

Plaintiff has not shown that he is likely to succeed on the underlying merits of his 42 U.S.C. § 1983 claim. Plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to his serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir 2004). But "deliberate indifference is a high legal standard, one which requires a showing of more than malpractice or negligence." *Toguchi*, 391 at at 1060. To evidence deliberate indifference, Plaintiff must show that the defendants knew of and disregarded excessive risks to his health and safety. *Id.* at 1057.

Plaintiff has not demonstrated that the defendants were deliberately indifferent in treating his genital herpes. Plaintiff himself states that he was treated several times by Defendant Phillips between May 2017 and December 2017. *See* ECF Nos. 20 & 31. Defendants summarized his medical records and stated that during the period in question there was not a sufficient herpes lesion to take a culture sample from. *See* ECF Nos. 28, 29, & 30. Defendants explained that in order to prescribe herpes medication they must be able to obtain a culture sample and confirm the presence of a herpes outbreak. ECF Nos. 28, 29 & 30. Records submitted by Plaintiff show that this was explained to him. ECF No. 31 at 13. He was

prescribed medication in December of 2017 after Defendant Phillips was able to obtain a culture sample and confirm the presence of a herpes outbreak. ECF Nos. 28, 29, & 30. Plaintiff has therefore not shown deliberate indifference. Without more evidence from Plaintiff, the Court cannot conclude that he is likely to succeed on the merits of his claim.

Plaintiff also alleges that Defendant Phillips was "sexually motivated" towards him when she gave him a rectal and genital examination. "After incarceration, only unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Defendants assert that Plaintiff could always refuse treatment and that genital and rectal examinations—which are standard for the diagnosis of herpes—involve digitally manipulating the genital rectal areas. *See, e.g.*, *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (eight amendment does not prohibit female guards from performing visual body cavity searches on male inmates or watching male inmates shower, despite an allegation that the guards "gawked" at him); *Grummett v. Rushen*, 779 F.2d 491, 494 n.1 (9th Cir. 1985) (prison's policy of allowing female guards to observe male's inmates disrobing, showering, using the toilet, and being strip searched was not the "type of shocking and barbarous treatment protected against by the [E]igth [A]mendment.").

Plaintiff has also not shown that he is likely to suffer irreparable harm regarding his genital herpes or eye injury, *Winter*, 55 U.S. at 20, as he was prescribed medication for both conditions. ECF Nos. 20 & 22. Plaintiff has not demonstrated

that Defendant Phillips will withdraw Plaintiff's treatment or stop her practice of having chaperones present while conducting genital or rectal exams. Plaintiff's requested remedy, transferring his unit so he may be treated by another medical provider, is also not the "least intrusive means to address the harm" he allegedly suffers. 18 U.S.C.A. § 3626(a)(2). Plaintiff states that he has scarring on his genitals and now must wear eyeglasses because the defendants failed to adequately treat him. *See* ECF No. 22. However, providing him with a new medical provider does not remedy these damages.

Finally, absent more evidence, the Court is hesitant to order the mandatory relief sought by Plaintiff. The Court understands that providing adequate care to inmates is a massive undertaking. "Prison administration is…a task that has been committed to the responsibility of [the executive and legislative] branches, and separation of powers concerns counsel a policy of judicial restraint." *Turner v. Safley*, 482 U.S. 78, 85 (1987). For these reasons, the Plaintiff's request for preliminary injunctive relief is denied.

**B.     Temporary Restraining Order**

The Ninth Circuit has noted that the analysis for issuance of a temporary restraining order is "substantially identical" to the analysis for issuance of a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The primary difference between a temporary restraining order and a preliminary injunction are the duration of the injunction and the availability of argument prior to the issuance of the injunction. *Bennet v. Medtronic*,

Inc., 285 F.3d 801, 804 (9th Cir. 2001). Because the analysis is substantially identical for the preliminary injunction and temporary restraining order, the Court need not address the temporary restraining order separately. For this reason, Plaintiff's request for a temporary restraining order is DENIED.

Accordingly, **IT IS HEREBY ORDERED:**

1. 1. Plaintiff's **Memorandum of Law in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 21,** is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Counsel and Plaintiff.

**DATED** this 10th day of October 2018.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Civil\2018\18-cv-5114.Park. Order Deny TRO.lc02.docx

Order— Page **7** of 7