FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERAMIAH PARK,<br><br>                  Plaintiff,<br><br>   v.<br><br>JO ELLA PHILLIPS and<br>FRANK SMITH,<br><br>                  Defendants. | No.   4:18-CV-5114-EFS<br><br>ORDER DENYING MOTIONS |

On October 10, 2018, this Court denied Plaintiff Jeremiah Park's Motion for Temporary Restraining Order and Preliminary Injunction. ECF Nos. 21 & 33. Mr. Park is proceeding pro se and this Court granted leave for Mr. Park to proceed in forma pauperis. ECF No. 12. On October 18, 2018, Mr. Park filed a Motion for Appointment of Counsel, ECF No. 36, and a letter, which the Court construes as a motion for reconsideration, ECF No. 37. For the following reasons, the Court denies Mr. Park's Motion for Appointment of Counsel and construed motion for reconsideration.

ORDER DENYING MOTIONS -- 1

A.     **Motion for Reconsideration**

The Court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court may exercise its discretion and appoint counsel under § 1915(e)(1) only under "exceptional circumstances" to ensure fundamental fairness in accordance with the Fourteenth Amendment's Due Process clause. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether exceptional circumstances exists requiring evaluating "the likelihood of success on the merits and Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation omitted).

At this time, Mr. Park's Motion does not evince the exceptional circumstances that are required under § 1915(e)(1). As stated in the Court's Order Denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief, ECF No. 33, Mr. Park has not demonstrated a likelihood of success on the merits at this time. Further, Mr. Park is permitted, subject to certain restrictions, to access law library materials and other legal materials in his cell/room. Mr. Park's filings thus far have been clear and articulate. While not having a formal legal education, Mr. Park has diligently filed motions and briefs in support of his claims and arguments, and the Court has provided relief in support of his claims and arguments. The claims and defenses in this civil cases are not so complex as to require the appointment of counsel to ensure fundamental fairness. *See Terrell*, 935 F.2d at 1017. Under the circumstances, the Court denies Mr. Park's motion for

counsel. Mr. Park is encouraged to contact the Northwest Justice Project (CLEAR), 1-888-201-1014, or http://nwjustice.org/, which may provide useful information.

**B.      Motion for Appointment of Counsel**

To the extent Plaintiff's letter could be construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b), it does not warrant relief. Rule 60(b) provides that on motion and just terms, the court may relieve a party from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or any other reason that justifies relief. Relief under Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice" and "where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). Furthermore, the moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted).

Mr. Park has not demonstrated such unusual circumstances, therefore, the Court declines to reconsider his motion requesting a temporary restraining order or preliminary injunction, ECF No. 21. The Court also reminds Mr. Park that by denying his request for a TRO or preliminary injunction, ECF No. 21, the Court did not dismiss his underlying claim under 42 U.S.C. § 1983, ECF No. 20. Mr. Park currently has a telephonic scheduling conference set for December 11, 2018. ECF No. 40.

Accordingly, **IT IS HEREBY ORDERED:**

1. **Plaintiff's Motion for Appointment of Counsel, ECF No. 36, is DENIED.**
2. **Plaintiff's construed motion for reconsideration, ECF No. 37, is DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel and Plaintiff.

**DATED** this  20th  day of November 2018.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Civil\2018\18-cv-5114. Park. Order Denying Reconsideration.LC02.docx

ORDER DENYING MOTIONS -- 4